IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                                    CRIMINAL NO. 1:14-CR-82-HSO-RHW

KAMRAN PAHLAVAN

## MOTION TO DISMISS

COMES Defendant Kamran Pahlavan, through Counsel and pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, and files this *Motion to Dismiss*, and in support states to this Court the following:

### FACTS

Movant Kamran Pahlavan is a named defendant in a five count indictment filed in the Southern District of Mississippi. Specifically, the indictment alleges conspiracy (18 USC Section 371) to commit Bribery (18 USC Section 666(a)) and Honest Services Wire Fraud (18 USC Section 1343 and 1346). Further, the Movant is charged with substantive counts of bribery, honest services wire fraud, obstruction of justice (18 USC Section 1512(c)(2)), and false statements to federal officials (18 USC Section 1001). More specifically the alleged violations relate to bribery involving the Harrison County Utility Authority (HCUA), its employees and its contractors. Pahlavan was executive director of the HCUA from October 1997 until February 2013.

In November of 2011, Pahlavan, while serving as a documented informant for the FBI, made statements to FBI agents which are contained in a report of investigation. Pahlavan gave a very general interview mainly focused on the activities of Sean Anthony and members of the Harrison County Utility Authority. Pahlavan mentioned two vehicles in that interview. No additional information (cost, method of payment, location of purchase, etc.) about vehicles was

1

discussed.

On June 18, 2012, Pahlavan and the Government entered into a proffer agreement. The terms of the agreement are stated in a Proffer Letter from the Government to Pahlavan's Counsel and signed by all parties. All interviews subsequent to the signing of the Proffer Letter are covered by the terms of that contract.

On June 19, 2012, pursuant to the Proffer Letter, Pahlavan met with federal agents to discuss in detail his relationship to Sean Anthony and the Harrison County Utility Authority. In addition, Pahlavan gave another detailed interview to federal agents on October 4, 2012 which was also pursuant to the signed Proffer Letter from June 2012. The report of interview from the October 4th interview was nine pages and was extremely detailed about the contracting and bidding process with the Harrison County Utility Board, as well as detailed about the purchase of three separate vehicles by Pahlavan (Ford F-150, black Infinity, and silver Infinity).

Prior to these interviews the Government had no real evidence concerning purchases of vehicles by Pahlavan or the system by which the Harrison County Utility Authority awarded contracts for services rendered by Sean Anthony (SHA). A reading of the October 4, 2012 report of interview shows that the details contained in the instant indictment were taken directly from that interview report.

After interviewing Pahlavan in October 2012, federal agents investigated the substance of the proffered statements made by Pahlavan. In 2013 Federal agents conducted interviews and subpoenaed documents. At that point former AUSA Mike Hurst decided to prosecute documented FBI informant Kamran Pahlavan by violating the terms of the Proffer Letter signed in June 2012.

## ARGUMENT

The Proffer Letter is a contract signed by the Defendant, Defense counsel, and the

Government. That contract precludes the use of information provided pursuant to the Proffer Letter against the Defendant in the Government's case in chief. By using the information provided by Pahlavan in drafting the instant Indictment in this case, the Government has materially breached the contract. Certainly, the Government will be unable to prove that the evidence it would introduce at trial is not derived from the Pahlavan's statements made to federal law enforcement in 2012. As a result of this breach the Indictment must be dismissed.

Nonprosecution agreements are contractual in nature, and are interpreted in accordance with principles of contract law. *U.S. v. Castaneda*, 162 F.3d 832, 835 (5th Cir. 1998). The Fifth Circuit treats proffer letters as "nonprosecution agreements" with regard to contract law issues. *Id.* Under general contract principles, if a defendant upholds his end of the bargain, the government is required to perform its promises. *Id.*

Under a grant of use of immunity, the government is prohibited from using information provided by the defendant in any criminal case. 18 U.S.C. § 6002; *Kastigar v. U.S.*, 406 U.S. 441, 460 (1972). The United States Supreme Court explained in *Kastigar* that the prohibition is comprehensive – the government may not use the defendant's testimony directly as evidence or indirectly as an investigatory lead. *Id.*

Paragraph 3 of the Proffer Letter states: "Third, no statements or information provided by your client during the proffer will be used against your client in any criminal case during the government's case in chief. That is, however, the only limitation on the use the government may make of your client's statements." This paragraph makes it very clear that the Government is prohibited from using information gathered pursuant to the Proffer Letter to bring an indictment. Because the Government is now using information provided by the Defendant for the instant prosecution, the Government materially breached the contractual terms of the Proffer Letter. The

Defendant has detrimentally relied on the terms contained within the proffer agreement, and as a result has been deprived of the expected benefits of signing the Proffer Letter.

The Government has taken the position in this case that Pahlavan provided false statements to federal agents during the June 2012 interview. Because the Government believes that Pahlavan gave false statements in June 2012, it believes the statements made pursuant to the June 2012 Proffer Letter are now admissible against Pahlavan. In early 2014, former AUSA Mike Hurst took this position for one simple reason: to use the protected proffered statements by Pahlavan in 2012 as the genesis for this prosecution, as well as the Sean H. Anthony prosecution. In order to bring an indictment in the instant case it is necessary to use proffered statements given by Pahlavan. The Government's attempt to "void" the Proffer Letter and use Pahlavan's protected statements is self-serving and ultimately necessary to sustain this prosecution.

Counts 1, 2, 3 and 4 of the indictment all include information derived from proffered statements made by Pahlavan in June and October 2012, both of which are protected under to the terms of the Proffer Letter. A reading of the Memorandum of Interview produced by the IRS for the October 2012 interview reveals that specific information contained in the indictment is derived from that interview. At the conclusion of Pahlavan's time as a documented informant for the FBI (and after the October 2012 interview), federal agents conducted interviews and subpoenaed documents based upon Pahlavan's statements and cooperation. All of this additional investigation mainly occurred in 2013 and was done by making derivative use of Pahlavan's protected statements. Because the contents of Counts 1, 2, 3 and 4 are derived from Pahlavan's protected statements, they must be dismissed.

Count 5 of the instant indictment alleges that Pahlavan made false statements to federal agents on June 18, 2012 after he had signed the Proffer Letter. The alleged false statements were

made during the interview of Pahlavan which was pursuant to the Proffer Letter. As it is stated in the Proffer Letter, no statements made by Pahlavan can be used in the Government's case in chief. For the Government to sustain a conviction on Count 5 of the indictment it must put evidence of Pahlavan's statement on in its case in chief. This is prohibited by the Proffer Letter and as a result Count 5 must be dismissed.

## CONCLUSION

Defendant Pahlavan incorporates by reference his *Motion to Exclude Proffered Testimony* filed with the Court. Issues discussed in that motion are related to this motion. The *Motion to Exclude Proffered Testimony* serves as additional legal basis for this *Motion to Dismiss*.

The Government has breached the terms of the Proffer Letter. The enforcement of the terms of the Proffer Letter renders most, if not all, of the Government's evidence for this prosecution inadmissible. For this reason, the Defendant Kamran Pahlavan respectfully requests that this Court dismiss the Indictment against him in this case with prejudice.

Respectfully submitted, this the 12th day of June, 2015.

KAMRAN PAHLAVAN

By: */s/ Peter H. Barrett*
PETER H. BARRETT (MSB #2069)
WILLIAM C. BARRETT (MSB #103326)

P. & W. BARRETT LAWYERS, PLLC
Jackson Office
107 North State Street
Jackson, Mississippi  39201
Phone:  (601) 973-2270
Gulfport Office
2202C 25th Ave, C-3
Gulfport, MS  39501
Phone:  (228) 864-9885
Email:  pbarrett@pandwbarrettlawyers.com (Peter H. Barrett)
Email:  wbarrett@pandwbarrettlawyers.com (William C. Barrett)

## **CERTIFICATE OF SERVICE**

     I, Peter H. Barrett, do hereby certify that I have this date electronically filed the foregoing *Motion to Dismiss* with the Clerk of the Court using the Electronic Case Filing (ECF) system, which sent notification of such filing to all counsel of record.

     THIS, the 12th day of June, 2015.

                                               */s/ Peter H. Barrett*
                                               PETER H. BARRETT