

U. S. Department of Justice
United States Attorney
*Southern District of Mississippi*

---

*Federal Courthouse*
*501 E. Court Street, Suite 4.430*
*Jackson, Mississippi 39201*

June 18, 2012



, Esq.
Esq.

Gulfport, MS 39501

Re: Kamran Pahlavan

Dear ▓▓▓▓▓▓▓▓▓▓▓▓

It is my understanding that your client, Kamran Pahlavan, is interested in meeting with investigating agents for purposes of making a proffer of information and cooperation. The government is interested in pursuing this matter and will consider a proffer of information in formulating an appropriate resolution of this case as it relates to your client. Accordingly, the government agrees to a proffer of testimony regarding the knowledge of your client, Kamran Pahlavan.

To assure that there are no misunderstandings concerning the meaning of the proffer, I am writing to clarify the ground rules for any proffer with your client. The ground rules and conditions of any proffer with your client are as follows:

First, the United States requires a completely truthful statement in this proffer. The term "truthful" as used here has two meanings: the statement must be both honest as well as complete. Anything less renders the statement virtually useless because his/her credibility is weakened, if not destroyed.

Second, if your client knowingly makes a false statement, or if the statement is not substantially accurate and complete, the promises by the government in this letter are null and void.

Third, no statements or information provided by your client during the proffer will be used against your client in any criminal case during the government's case in chief. That is, however, the only limitation on the use the government may make of your client's statements.

1

Fourth, the government may make derivative use of any information revealed during the proffer. The government may pursue any investigative leads suggested by any statements made by or other information received from your client. This provision is intended to eliminate the necessity for a pre-trial Kastigar hearing should your client wish to proceed to trial. Your client should understand that by agreeing to make a proffer he is waiving his right to any Kastigar-type objection and, by extension, to a Kastigar hearing. Thus, should your client proceed to trial, the government will not have to prove that the evidence it would introduce at trial is not derived from any statements made by or other information received from your client during the proffer.

Fifth, if your client is a witness at any future trials and offers testimony materially different from any statements made or other information provided during the proffer, the attorney for the government may cross-examine your client concerning any statements made or other information provided during the proffer. This provision is necessary in order to assure that your client does not abuse the opportunity for a proffer, does not make materially false statements to a government agency, and does not commit perjury when testifying at any future trials.

Sixth, the government may use any statements made or other information provided by your client to rebut evidence or arguments materially different from any statements made or other information provided by your client. This provision is necessary to assure that no court or jury is misled by receiving information materially different from that provided by your client. In addition, we want to emphasize that the above-mentioned examples are not totally inclusive of the uses the government may make of your client's proffer.

Seventh, the government has agreed that no statements made or other information provided by your client during the proffer will be used against your client in any criminal case during the government's case in chief. The government will, however, be free to provide any such information to any United States District Court in the event your client either pleads guilty or is found guilty at a later trial. This provision is necessary to comply with Rule 32 of the Federal Rules of Criminal Procedure and to enable the District Court to comply with its statutory duty to receive information from any source whatsoever in deciding appropriate sentences.

Eight, pursuant to the Sentencing Guidelines, Section 1B1.8, in its entirety, no self-incriminating information given by your client will be used to enhance the Offense Level against your client except as provided in that Section. The government may, however, use any statements made or other information provided by your client to rebut evidence or arguments at sentencing materially different from any statements made or other information provided by your client during the proffer. It is necessary, however, to inform you that the aforementioned agreement will not cover statements concerning any acts of murder, attempted murder or act of physical violence against any individual, or conspiracies to commit such offenses. Should your client make any such statements, these statements may be used in any prosecution.

2

Ninth, while a proffer is many times a preliminary step to the government's accepting a plea agreement offer, you should know that, before any offer is accepted, the government will assess whether your client was completely truthful during the proffer. The determination of whether your client has been completely truthful is within the sole discretion of the government and, if the government does not determine that your client has been completely truthful, we will not even consider the plea agreement offer you may make. You and your client should further understand that no promises are being made as to whether any offer will be accepted or what the terms of any agreement may be. Your client should also understand that, even if the government determines that your client has been completely truthful, the government is not obligated to extend a plea agreement offer or consider any plea proposal you make. In addition, the possibility exists that the government will not accept your offer but will make a counter-offer that is unacceptable to your client. Even if that happens, your client will nevertheless be bound by the terms of this agreement.

Tenth, you and your client should understand that the Court is not a party to this agreement. Your client should also understand that, should a plea agreement result from a proffer, the Court is not bound by the terms of any such plea agreement.

I trust you will find these ground rules fair and reasonable. If your client wishes to engage in a proffer under these ground rules, then both you and your client should initial each paragraph in the spaces provided and sign the acknowledgment and agreement attached to this letter.

Kamran Pahlavan has also been advised that he can have his attorney present during any proffer and/or have such an attorney explain the terms of the proffer to him in advance. My understanding is that you will accompany your client. This letter embodies the entirety of the agreement to make a proffer of your testimony. No other promise or agreement exists between you or this office regarding the proffer. Please read this letter and sign the acknowledgment.

Sincerely,

GREGORY K. DAVIS
United States Attorney

By: _____
D. Michael Hurst, Jr.
Assistant United States Attorney

# ACKNOWLEDGMENT AND AGREEMENT OF KAMRAN PAHLAVAN

I, __Kamran Pahlavan__ hereby acknowledge that I have read the terms and conditions of this "Proffer Letter" and that my attorney has explained those terms and conditions to me. I have discussed the terms and conditions of the letter with my attorney, and I understand my rights and obligations pursuant to this agreement. I understand that I have the right to remain silent and not to discuss any matters which may incriminate me. I nevertheless desire to pursue negotiations with the government, and I hereby voluntarily and intentionally waive such rights and willingly agree to the terms and conditions set forth in the "Proffer Letter" and agree to make statements and answer questions according to the terms and conditions set forth in this "Proffer Letter."

DATE: 6-18-12

_____
D. Michael Hurst, Jr.
Assistant United States Attorney

_____
Kamran Pahlavan

_____
Attorneys for Kamran Pahlavan