IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

V.                                                              Criminal No. 1:14CR82-HSO-RHW

**KAMRAN PAHLAVAN**

### ORDER DENYING DEFENDANT KAMRAN PAHLAVAN'S [25] MOTION TO RECUSE

BEFORE THE COURT is the Motion to Recuse [25] filed by Defendant Kamran Pahlavan on June 10, 2015. After considering the Motion, the record as a whole, and relevant legal authority, the Court finds that the Motion to Recuse [25] should be denied.

### I. BACKGROUND

On December 9, 2014, a Grand Jury returned a five-count Indictment [1] against Defendant Kamran Pahlavan ("Pahlavan" or "Defendant"). A jury trial in this criminal matter is scheduled to commence on July 13, 2015. Pahlavan now asks the undersigned district judge to recuse himself from this proceeding pursuant to 28 U.S.C. § 455(a).

In a separate criminal case pending in this Court, *United States v. Sean H. Anthony*, 1:15cr14-KS-RHW, the United States Attorney filed a criminal Information [1] against Defendant Sean H. Anthony ("Anthony") on February 23, 2015. The undersigned district judge was at one time assigned to the Anthony criminal case but entered an Order of Recusal on March 3, 2015, pursuant to 28 U.S.C. § 455. As Pahlavan states in his Motion [25], the undersigned recused from

the Anthony case because the undersigned's spouse, who is an attorney, represents or has represented Anthony in civil matters on "issues unrelated to the pending criminal charge" in this case. *See* Mot. [25] at 2. Pahlavan suggests that recusal is required in this case for the same reasons the undersigned recused from the Anthony case. As grounds, Pahlavan opines that "Anthony's testimony is of primary importance in the Government's case against Defendant." *Id.* According to Pahlavan, "[t]his Court's impartiality might reasonably be questioned because of the existence of a business relationship between the Assigned Judge's spouse and Sean H. Anthony." *Id.*

## II. DISCUSSION

A.  Legal Standard

28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "A motion to disqualify brought under 28 U.S.C. § 455 is 'committed to the sound discretion of the district judge.'" *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (quoting *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)). "[A] federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified." *Id.* at 598-99 (quoting *Laird v. Tatum*, 409 U.S. 824, 837 (1972)).

"A 'judge abuses his discretion in denying recusal where a reasonable man, cognizant of the relevant circumstances surrounding [the] judge's failure to recuse,

would harbor legitimate doubts about that judge's impartiality.'" *Garcia v. City of Laredo, Tex.*, 702 F.3d 788, 794 (5th Cir. 2012) (quoting *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003)). The Court must consider how the relevant "facts would appear to a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person.'" *Sensley*, 385 F.3d at 599 (quoting *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995)). "[E]ach § 455(a) case is extremely fact intensive and fact bound, and must be judged on its unique facts and circumstances more than by comparison to situations considered in prior jurisprudence." *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995).

B.  Analysis

To the extent that Pahlavan requests the undersigned recuse himself solely based upon his previous recusal in Anthony's criminal matter, this request is not persuasive. As the Fifth Circuit indicated in *Jordan*, each case must be judged on its "unique facts and circumstances." *Id.* While material facts in the Anthony case and this case may overlap, Anthony is a defendant in a separate criminal case, and the circumstances surrounding the question of whether to recuse in Pahlavan's case are distinguishable from those presented in Anthony's case. The undersigned's spouse has or had an attorney-client relationship with Anthony in civil legal matters unrelated to the circumstances of Anthony's criminal case, and Anthony was the defendant in that case. By contrast, the undersigned's spouse has never represented Pahlavan in any manner or proceeding, and Anthony would not be a defendant in this case, but a witness.

Nor is the Court persuaded that recusal is required based upon the fact that Anthony may be a material witness who testifies in Pahlavan's upcoming trial. The undersigned will not be called upon to make credibility determinations regarding Anthony's trial testimony in Pahlavan's case, as matters of witness credibility will be for the jury to determine. In the Court's view, Anthony's testifying at Pahlavan's trial would not lead a reasonable person, aware of all pertinent facts, to harbor legitimate doubts about the undersigned's impartiality in Pahlavan's case.

Pahlavan has not cited, and the Court has not found, any Fifth Circuit cases that speak precisely to the factual scenario presented here. The Court finds persuasive the somewhat similar criminal case of *United States v. Vazquez-Botet*, in which the assigned district judge considered whether he should recuse himself where his spouse had previously represented two individuals in criminal proceedings who might be called to testify in an upcoming criminal trial before the judge. *United States v. Vazquez-Botet*, 453 F. Supp. 2d 362, 363 (D.P.R. 2006) ("*Vazquez-Botet I*"). The first criminal client of the judge's spouse was the subject of the United States' investigation but was informed that the Government had no interest in prosecuting him. *Id.* at 364. The second criminal client of the judge's spouse was a criminal defendant sentenced on charges unrelated to the underlying indictment. *Id.* However, there was a possibility that this second client would be called as a witness to testify on behalf of the Government in the criminal case pending before the judge. *Id.*

The judge in *Vazquez-Botet I* determined that a reasonable person would be much less likely to question his impartiality knowing that his spouse was not acting as a lawyer in the particular criminal proceeding pending before the judge, that she had no interest that was substantially affected by the outcome of that case, and that she was not likely to be a witness in that proceeding. *Id.* at 371. The judge noted that there was no indication that his spouse would maintain an active presence in the courtroom. *Id.* at 372-73. As such, the judge found no basis for a reasonable person to doubt his impartiality and declined the defendant's request that he recuse. *Id.* at 372-74.

After the district judge refused to recuse, the defendant in *Vazquez-Botet* sought a writ of mandamus from the United States Court of Appeals for the First Circuit, requesting that the Court of Appeals order the recusal of the presiding district judge. *In re Vazquez-Botet*, 464 F.3d 54 (1st Cir. 2006) ("*Vazquez-Botet II*"). The First Circuit determined that mandamus relief was not appropriate and thought it "advisable to wait to an end-of-case appeal, should one ensue . . . ." *Id.* at 59-60.

After the defendant was tried and convicted, he appealed to the First Circuit, arguing in relevant part that the district judge should have recused from the criminal case because of the professional activities of his spouse. *United States v. Vazquez-Botet*, 532 F.3d 37, 47 (1st Cir. 2008) ("*Vazquez-Botet III*"). Even though the judge's spouse engaged in professional activities "tangentially related" to the criminal case, the First Circuit concluded that the defendant's "speculative

-5-

arguments assume that [the judge's spouse] played a much more significant role than she actually did." *Id.* at 49. The First Circuit determined that "no reasonable observer would interpret [the judge's spouse's] advocacy on behalf of [her client] as evincing some sort of personal animosity toward [the defendant] that somehow endured through pretrial and trial proceedings and prompted her to disparage him in front of her husband." *Id.* The First Circuit therefore held that it could not say that the judge's "decision not to recuse himself was irrational or lacked support on a reasonable reading of the record." *Id.* The Court finds this reasoning persuasive.

Here, the undersigned's spouse does not and did not represent Anthony in this or any other criminal proceeding, but instead performs or has performed work in civil legal matters. The undersigned's spouse has no interest likely to be substantially affected by the outcome of Pahlavan's criminal case, and is not likely to be a material witness in this proceeding, nor is there anything to suggest that she would maintain an active presence in the courtroom during trial. In short, the circumstances of Pahlavan's case seem even more remote than those presented in *Vazquez-Botet*, in which the judge declined to recuse and was affirmed by the First Circuit.

Based on the foregoing, the Court finds that a reasonable person, cognizant of the relevant circumstances surrounding the undersigned's decision not to recuse, would not harbor legitimate doubts about the Court's impartiality in Pahlavan's case. *See Garcia*, 702 F.3d at 794. Pahlavan's Motion to Recuse will therefore be denied.

III.  CONCLUSION

Upon review of Pahlavan's Motion to Recuse, the record, and the applicable legal authority, and for the reasons more fully stated herein, the Court finds that the Motion to Recuse should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that the Motion to Recuse [25] filed by Defendant Kamran Pahlavan on June 10, 2015, is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 12th day of June, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE